DANIEL MALAKAUSKAS, *Pro Hac Vice*
MALAKAUSKAS LAW, APC
1930 Village Center Circle
Suite 3-355
Las Vegas, NV 89134
Tel: 866-790-2242 / Fax: 888-802-2440
daniel@malakauskas.com

*Attorney for Plaintiff*: **Robert Briones**

# UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

### ANCHORAGE DIVISION

| | |
|---|---|
| **ROBERT BRIONES**, <br><br> Plaintiff, <br><br> v. <br><br> **FISH HOUSE CHARTERS, LLC,** and **DOES** 1-10, Inclusive, <br><br> Defendants. | Case No.: 3:25-cv-00150 <br><br> **COMPLAINT BY ROBERT BRIONES AGAINST FISH HOUSE CHARTERS, LLC,** *et al.,* **FOR DAMAGES AND INJUNCTIVE RELIEF RESULTING FROM VIOLATIONS OF 1) TITLE III OF THE AMERICANS WITH DISABILITIES ACT OF 1990** <br><br> [42 U.S.C. §§ 12101-12213] |

Comes now the Plaintiff, ROBERT BRIONES, (hereafter, "Mr. Briones" or "Plaintiff") through his Attorney, DANIEL MALAKAUSKAS, 1930 Village Center Circle, Suite 3-355, Las Vegas, NV 89134; Telephone: (866) 790-2242; Facsimile: (888) 802-2440; who, having been denied his civil rights, hereby respectfully alleges, avers, and complains as follows:

**THIS COURT CAN GRANT JUSTICE TO A DISABLED INDIVIDUAL**

1. Mr. Briones is a disabled person with hearing impairment. Mr. Briones' hearing impairment prevents Mr. Briones' from hearing various types of sounds and various sound frequencies. Due to his medical condition, Mr. Briones relies upon his service animal and hearing aids. Mr. Briones is therefore a "person with a disability" and a "disabled person" and has a "disability" or "medical condition" pursuant to federal law, rules and regulations, specifically 42 U.S.C § 12102, and 28 C.F.R. § 36.104.

2. On July 17th, 2023, Mr. Briones was denied the full and equal access to a public accommodation located at 1303 4th Avenue, Seward, AK 99664.

3. Mr. Briones now asks that this Court stand up for his rights under the Americans with Disabilities Act ("ADA").

## THE UNITED STATES DISTRICT COURT, DISTRICT OF ALASKA, ANCHORAGE DIVISION, HAS JURISDICTION AND IS THE PROPER VENUE FOR PLAINTIFF TO SEEK JUSTICE

4. The United States District Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) and (a)(4), for violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq*.

5. Venue in this Court is proper under 28 U.S.C. § 1391(b)(2) as the claims alleged herein arose in the District of Alaska, specifically at the business is located at 1303 4th Avenue, Seward, AK 99664.

6. The Anchorage Division of the District of Alaska, is the proper division because all claims herein arose at the business located at 1303 4th Avenue, Seward, AK 99664.

## THE VICTIM AND THOSE RESPONSIBLE

7. Mr. Briones is hearing impaired. Mr. Briones' medical condition prevents Mr. Briones' from hearing various types of sounds and various sound frequencies. Due to his medical condition,

Mr. Briones relies upon his service animal and hearing aids. Mr. Briones is therefore a "person with a disability" and a "disabled person" and has a "disability" or "medical condition" pursuant to federal law, rules and regulations, specifically 42 U.S.C § 12102, and 28 C.F.R. § 36.104.

8. Defendants, FISH HOUSE CHARTERS, LLC, (hereafter, "Defendant") and Does 1-10, operate as a business establishment, hold themselves out to the public, and do business as "The Fish House", at 1303 4th Avenue, Seward, AK 99664. Defendant has substantial control over the policies, procedures, and actions of the business, its managers, employees, and, staff.

9. The true names and capacities of the defendants named herein as Does 1-10, inclusive, whether individual, corporate, partnership, association, or otherwise, are unknown to Plaintiff who therefore sues these defendants by such fictitious names. Plaintiff requests leave of court to amend this complaint to allege their true names and capacities at such times as they are ascertained.

10. Plaintiff is informed and believes and thereon alleges that each of the defendants, including Does 1-10, caused and are responsible for the below described unlawful conduct and discrimination by, among other things, personally participating in the unlawful conduct or acting jointly or conspiring with others who did so; by authorizing, acquiescing in or setting in motion policies, plans or actions that led to the unlawful conduct; by failing to take action to prevent the unlawful conduct; by failing and refusing with deliberate indifference to Plaintiff's rights to equal access to public spaces; services; and by ratifying the unlawful conduct that occurred by agents, and officers or entities under their direction and control.

**MR. BRIONES WAS DENIED EQUAL ACCESS TO A
PUBLIC ACCOMMODATION AND NOW FIGHTS FOR ALL DISABLED**

11. Mr. Briones, a California resident, is a disabled veteran who is hearing impaired.

12. Mr. Briones' hearing impairment prevents Mr. Briones' from hearing various types of sounds and various sound frequencies.

13. Not being able to hear various sounds, or various sound frequencies, substantially limits some major life activities of Mr. Briones and makes it harder for him to fully function within society.

14. In order to fully function within society, and mitigate the deleterious effects of hearing impairment, Mr. Briones relies upon his service animal and hearing aids.

15. Mr. Briones' service animal is a dog. The dog is not an exotic animal, but rather, is a golden retriever and lab mix.

16. Before Mr. Briones ever received the service animal, it went through extensive training with a non-profit located within Sonoma County, California.

17. The service animal was taught to keep vigilant for, identify, and alert hearing impaired individuals of, certain sounds.

18. Upon the successful completion of its training, the service animal was certified.

19. Mr. Briones and the service animal are recertified every year to ensure that the service animal is still capable of fully performing its duties.

20. The service animal wears a blue vest identifying her as a service animal.

21. Mr. Briones' service animal is registered with the Department of Transportation for Transportation by Air.

22. Given Mr. Briones' disability, ever since receiving his service animal, Mr. Briones' service animal always accompanies him.

23. His service animal alerts Mr. Briones' of various sounds and sound frequencies that Mr. Briones would otherwise be unable to hear or detect. This allows Mr. Briones to fully function within society.

24. Without his service animal, Mr. Briones would be denied major life activities and would not be able to fully function within society.

25. Mr. Briones enjoys sport fishing. Mr. Briones' enjoys fishing in both fresh water and salt water.

26. As part of Mr. Briones' sport fishing, Mr. Briones likes to catch different species of fish.

27. One of the species of fish that Mr. Briones desired to catch were "halibut".

28. In order to catch some "halibut", and create lasting memories with his family, Mr. Briones decided to plan an excursion to Alaska.

29. On April 6th, 2023, Mr. Briones, through a third party, made a reservation with "The Fish House" to charter the boat, known as "Servant" to go halibut fishing. Mr. Briones reserved a full-day halibut charter for three adults for July 17th, 2023. Around the same time as making the reservation, Mr. Briones confirmed with an employee or agent of "The Fish House" that service animals were allowed.

30. Since Mr. Briones resides in California, in order for Mr. Briones to go halibut fishing in Alaska with his family, he had to make travel and lodging accommodations.

31. Mr. Briones incurred costs and expenses as a result of the travel and lodging accommodations.

32. On July 12th, and 13th, 2023, Mr. Briones again spoke with an employee or agent of the "The Fish House" via the telephone. Mr. Briones wanted to again confirm that service animals were allowed before as he would be departing California for Alaska in a few days. Mr. Briones again was told that service animals were permitted.

33. On July 16th, 2023, due to the repeated assurances by "The Fish House", that service animals were permitted, Mr. Briones left California for Alaska via airplane.

34. After traveling to Alaska, Mr. Briones timely arrived with his family for his reservation with "The Fish House".

35. Since Mr. Briones always travels with his service animal, Mr. Briones arrived with his service animal for his reservation.

36. Mr. Briones checked in with "The Fish House" at their store prior to boarding the "Servant". While checking inside the store, Mr. Briones was accompanied by his service animal. The employee or agent that confirmed Mr. Briones' timely arrival for his reservation saw the service animal. However, such employee or agent did not say anything about the service animal.

37. When Mr. Briones arrived at the boat, the "Servant", Mr. Briones was allowed to board the boat with his service animal. An employee or agent took a group photo of Mr. Briones with his family members. Mr. Briones' service animal was with him during the group photo.

38. Mr. Briones' sat down in anticipation of the departure of the "Servant" to go halibut fishing with his family and accompanied by his service animal. Mr. Briones' was happy to have been given the chance to make memories and enjoy a new experience with his family.

39. However, once other fishermen had boarded the "Servant", Mr. Briones was abruptly asked to leave. Mr. Briones was told that he was not allowed to stay on board on account of his service animal.

40. Therefore, Mr. Briones reluctantly disembarked the boat.

41. Mr. Briones did not believe that taking his service animal with him on the boat would cause any issues as he had previously charted boats to go on fishing expeditions with another company and had never had any issues. The other company did not deny him service, nor did his service animal act up in any manner during those expeditions.

42. Nevertheless, employees, or operators, of "The Fish Boat" denied taking Mr. Briones on his reserved fishing expedition due to his service animal. They informed Mr. Briones that so long as he had his service animal he was not allowed on the expedition.

43. Although Mr. Briones was denied his fishing expedition trip on account of his service animal, his two able bodied relatives were still allowed to participate. Both of his relatives successful went on the fishing expedition without Mr. Briones.

44. On account of the actions of "The Fish Boat", Mr. Briones was separated from his family and missed having an important experience with his family, after having traveled all the way to Alaska, and having incurred substantial cost, in vain.

45. Since the incident, Mr. Briones has traveled back to Alaska to spend time with his family and go on another fishing expedition.

46. Mr. Briones intends on returning to Alaska again in the future.

47. On his next trip to Alaska, Mr. Briones would like to return to "The Boat House", and go halibut fishing as he had been denied.

48. Despite this wish to patronize the business in the future, the Defendant's refusal to allow service animals inside their boat renders the business' goods, services, facilities, privileges, advantages, and accommodations unavailable to disabled patrons such as Mr. Briones.

49. Mr. Briones brings this lawsuit to encourage Defendant is available to all disabled persons, including those who rely on service animals.

### FIRST CLAIM
### VIOLATION OF TITLE III OF THE ADA

50. Plaintiff hereby incorporates and realleges, as if fully set forth herein, each and every allegation contained in all prior and subsequent paragraphs.

COMPLAINT BY BRIONES AGAINST FISH HOUSE CHARTERS, LLC, ET AL., FOR DAMAGES AND INJUNCTIVE RELIEF

Case 3:25-cv-00150-HRH     Document 1     Filed 07/15/25     Page 7 of 10

51. The business known as "The Fish House", located at 1303 4th Avenue, Seward, AK 99664, is owned, controlled, operated, leased, or managed by Defendant, Does 1-10, or their agents. The business "The Fish House," is a "Fish Charter Company" and is open to the general public and as such is a "public accommodation" under 42 U.S.C. § 12181 and 28 C.F.R. § 36.104.

52. Pursuant to 42 U.S.C. § 12182(a), by owning, leasing, or operating the public accommodation known as "The Fish House," Defendants are prohibited from discriminating against Plaintiff by denying him, on the basis of his disability, the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations offered by the business or facility.

53. In order to avoid discriminating against a disabled individual, Defendants must ensure that their public accommodation has proper policies, practices, and procedures to ensure that individuals with disabilities are afforded equal access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations offered by the public accommodation.

54. Mr. Briones is hearing impaired. Mr. Briones' medical condition prevents Mr. Briones from hearing various types of sounds and various sound frequencies. Due to his medical condition, Mr. Briones relies upon his service animal. Mr. Briones is therefore a "person with a disability" and a "disabled person" and has a "disability" or "medical condition" pursuant to federal law, rules and regulations, specifically 42 U.S.C § 12102, and 28 C.F.R. § 36.104.

55. Having a policy of not allowing animals, including service animals, inside the boat, is a *per se* discriminatory practice, policy, or procedure.

56. Defendant's practice, policy, or procedure was enforced by their employees, or operators, who knowingly and willfully excluding Plaintiff from equal access to the public accommodation.

57. As long as Defendants maintain their practice, policy, or procedure of refusing to serve individuals with service animals during their fishing expeditions, Plaintiff will continue to suffer discrimination and is deterred from returning to the public accommodation.

58. As a direct and proximate cause of Defendants' conduct, Plaintiff, on the basis of his disability, was denied the opportunity to participate in a benefit from a good, service, or privilege, in violation of 42 U.S.C. §§ 12101-12213.

59. It is readily achievable for Defendants to alter their practice, policy, or procedure, and stop preventing individuals with service animals from dining inside their restaurant.

60. Plaintiff seeks injunctive relief to prohibit Defendants' acts and omissions as complained of herein which have the effect of wrongfully discriminating against Plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities. Specifically, Plaintiff seeks injunctive relief ensuring that Defendants modify their practices, policies, and procedures, and allow disabled individuals with their service animals full public access of the facility.

**PRAYER**

THEREFORE, Plaintiff prays the following:

1. For injunctive relief directing Defendants to modify their practices, policies, and procedures as required by law to comply with ADA regulations, and enable Plaintiff to obtain the goods and services offered to the non-disabled public; provide adequate access to all citizens, including persons with disabilities; and issue a permanent injunction directing Defendants to cease discriminating against disabled individuals with service animals;

2. Retain jurisdiction over Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, procedures, acts, and omissions, as complained of herein no longer exist or occur and will not recur;

3. Award Plaintiff all appropriate damages, including, all general damages and specific damages, in an amount within the jurisdiction of the Court, according to proof;

4. Award Plaintiff all litigation expenses and costs of this proceeding, and all reasonable attorneys' fees as provided by law, including but not limited to, 42 U.S.C. § 12205.

5. Grant such other and further relief as this Court may deem just and proper.

Dated: July 15th, 2025

/s/ *Daniel Malakauskas*
By: DANIEL MALAKAUSKAS
Attorney for PLAINTIFF,
**Robert Briones**